**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| JAMIL ALGHADBAWI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:10-cv-1330-TWP-DKL |
| | ) | |
| JANET NAPOLITANO, SECRETARY, | ) | |
| U.S. DEPARTMENT OF HOMELAND | ) | |
| SECURITY, U.S. CITIZENSHIP AND | ) | |
| IMMIGRATION SERVICES, | ) | |
| | ) | |
| Defendants. | ) | |

## ENTRY DISMISSING ACTION FOR LACK OF JURISDICTION

Plaintiff Jamil Alghadbawi ("Mr. Alghadbawi"), a native and citizen of Iraq, entered the United States as a refugee on June 27, 2006.  In this immigration action, he seeks to compel adjudication of his application to adjust his status to that of a lawful permanent resident. Defendant, Janet Napolitano, Secretary, U.S. Department of Homeland Security, U.S. Citizenship and Immigration Services (the "Secretary"), seeks dismissal of this action pursuant to Federal Rules of Civil Procedure 12(b)(1) on the basis that this Court lacks jurisdiction over Mr. Alghadbawi's claim, or in the alternative, seeks summary judgment because any delay in adjudicating Mr. Alghadbawi's status is not unreasonable.[1] Mr. Alghadbawi opposes the Secretary's motion and requests that the Secretary immediately approve his adjustment of status application. For the reasons set forth below, the Secretary's Motion to Dismiss (Dot. 13) is **GRANTED**.

---

[1] Defendant Robert S. Mueller III, Director, Federal Bureau of Investigation was dismissed in the Entry of August 26, 2011.

## I.  STANDARD OF REVIEW

Subject matter jurisdiction Adefines the court=s authority to hear a given type of case,@ *United States v. Morton,* 467 U.S. 822, 828 (1984), and is the first question in every case. *Sherman v. Community Consol. Sch. Dist. 21 of Wheeling Twp.*, 980 F.2d 437, 440 (7th Cir. 1992), *cert. denied,* 114 S. Ct. 2109 (1994).   Because federal courts are of limited jurisdiction, a court must dismiss any case if it lacks subject matter jurisdiction over the claims.   As the Seventh Circuit Court of Appeals has explained:

> Normally, we read a complaint liberally and "'accept as true the well pleaded allegations of the complaint and the inferences that may be reasonably drawn from those allegations.'" *Panamas v. Liquid Carbonic Induct. Corp.*, 74 F.3d 786, 791 (7th Cir.1996) (internal citations omitted).... Where evidence pertinent to subject matter jurisdiction has been submitted, however, "'the district court may properly look beyond the jurisdictional allegations of the complaint ... to determine whether in fact subject matter jurisdiction exists.'" *United Transportation Union v. Gateway Western Railway Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996) (internal citations omitted). The plaintiff has the obligation to establish jurisdiction by competent proof.  *Commodity Trend Service, Inc. v. Commodity Futures Trading Comm'n*, 149 F.3d 679, 685 (7th Cir. 1998).   The presumption of correctness that we accord to a complaint's allegations falls away on the jurisdictional issue once a defendant proffers evidence that calls the court's jurisdiction into question.

*Id.  Sapperstein v. Hager*, 188 F.3d 852, 855-56 (7th Cir. 1999).   Furthermore, because the Secretary is alleging that legislation strips this Court of jurisdiction, she must "overcome the strong presumption in favor of judicial review of administrative action."   *Singh v. Napolitano,* 710 F. Supp. 2d 123, 128 (D.D.C. 2010) (quoting *INS v. St. Cyr*, 533 U.S. 289, 298 (2001)).   Thus, only upon a "showing of clear and convincing evidence of a contrary legislative intent [should] the courts restrict access to judicial review."   *Id.* (quoting *Bd. of Governors of the Fed. Reserve Sys. v. MCorp Fin., Inc.*, 502 U.S. 32, 44 (1991)).

## II.   <u>BACKGROUND</u>

Mr. Alghadbawi, a native and citizen of Iraq, entered the United States as a refugee on June 27, 2006, at Chicago, Illinois. Mr. Alghadbawi has admitted that he participated in the Basra uprising against the Iraqi government in March 1991, by distributing weapons to the uprisers, taking up arms and attacking the Baath Party Office, transporting people to the hospital, and distributing food to the citizens. On December 26, 2007, Mr. Alghadbawi filed Form I-485, Application to Register Permanent Residence or Adjust Status, on the basis of being a Refugee for more than one year. On January 24, 2008, the Federal Bureau of Investigations completed its background name check of Mr. Alghadbawi and returned its findings to United States Citizenship and Immigration Services ("USCIS").

In May 2005, prior to Mr. Alghadbawi's admission to the United States, President George W. Bush signed into law the REAL ID Act of 2005, which, among other things, amended the inadmissibility provisions of 8 U.S.C. § 1182(a)(3), such that a person is now inadmissible if he "has engaged in terrorist activity," which includes being a member of or providing "material support" to a "terrorist organization." 8 U.S.C. §§ 1182(a)(3)(B)(i)(I) and (V), 1182(a)(3)(B)(iv)(VI).   "[T]errorist activity" "means any activity which is unlawful under the laws of the place where it is committed (or which, if it had been committed in the United States, would be unlawful under the laws of the United States or any State) and which involves," among other things, "[t]he use of any ... explosive, firearm, or other weapon or dangerous device (other than for mere personal monetary gain), with intent to endanger, directly or indirectly, the safety of one or more individuals or to cause substantial damage to property." § 1182(a)(3)(B)(iii)(V).

## III.  DISCUSSION

The Secretary has determined that participants in the Basra uprising meet the definition of a Tier III undesignated terrorist organization, as defined in the Immigration and Nationality Act ("INA").   The relevant terrorism-related inadmissibility grounds can be found at 8 U.S.C. § 1182(a)(3)(B), which provides that an alien is inadmissible if he has engaged in terrorist activities. Such activities include, inter alia, belonging to or providing material support to a terrorist organization as defined in 8 U.S.C. §§ 1182(a)(3)(B)(vi)(I)-(III). A "terrorist organization" is defined to include three tiers: (i) Tier I, which is formally designated as such by the Department of State per 8 U.S.C. § 1189; (ii) Tier II, which is designated as such by the Secretary of State, in consultation with the Attorney General or the Secretary of Homeland Security; and (iii) Tier III, which is an undesignated group of two or more individuals that "engages in terrorist activity." See 8 U.S.C. § 1182(a)(3)(B)(vi) (defining "engages in terrorist activity").   Participants in Tier III organizations, absent an exemption, are inadmissible to the United States, and as a result, may not adjust their status. In other words, absent an exemption from the applicable grounds of inadmissibility, Mr. Alghadbawi's application could not be favorably adjudicated when it was submitted on December 26, 2007, pursuant to 8 U.S.C. § 1182(a)(3)(B).

The Secretary of Homeland Security and the Secretary of State have discretionary authority to exempt certain Tier III groups or individuals from the grounds of

inadmissibility where appropriate.[2]   8 U.S.C. § 1182(d)(3)(B)(i).   To date, the group of individuals at issue in Mr. Alghadbawi's case is not included in the currently exempted groups. There are hundreds of Tier III organizations pending consideration for a waiver. Thus, the sheer quantity of exemptions being considered - combined with the deliberative nature of the process - causes significant time to pass before adjudications can take place.

Pending the Secretary's consideration and decision on a specific Tier III organization or individual's eligibility for an exemption, the Deputy Director of the USCIS has directed that the adjustment applications of affected individuals be held in abeyance. The USCIS Deputy Director issued a memorandum on March 26, 2008, that instructed adjudicators to hold cases that could benefit from an exercise of the Secretary's expanded discretionary authority.   *See* DEX B, Memorandum, Subject: Withholding Adjudication and Review of Prior Denials of Certain Categories of Cases Involving Association with, or Provision of Material Support to, Certain Terrorist Organizations or Other Groups, dated March 26, 2008.  This guidance was reaffirmed on July 28, 2008, and on February 13, 2009.  This hold will enable the agency to consider whether Mr. Alghadbawi's case should be recommended for an exemption to those inadmissibility grounds and prevent premature action on his application.

Mr. Alghadbawi, however, asks this court to order the Secretary to adjudicate his application now rather than at the pace and in the order that she has chosen.   If USCIS were required to complete adjudication of Mr. Alghadbawi's application today, the

---

[2]  Congress granted the government expanded authority to exempt either individuals or organizations from the purview of 8 U.S.C. § 1182(a)(3)(B). See Consolidated Appropriations Act of 2008, Pub. L. 110-161, 121 Stat. 1184 (December 26, 2007) ("CAA"), codified at 8 U.S.C. § 1182(d)(3)(B)(i).

Secretary argues that his case would be denied under the terrorism-related inadmissibility grounds at 8 U.S.C. §§ 1182(a)(3)(B)(i)(I) and 1182(a)(3)(B)(iv)(VI).

Congress has specifically withheld jurisdiction from courts under 8 U.S.C. § 1252(g) to review the Secretary's "decision or action" to "adjudicate cases."   8 U.S.C. § 1252(g) provides:

> Except as provided in this section and notwithstanding any other provision of law..., no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

The relief Mr. Alghadbawi seeks would require this Court to interfere with the Secretary's inherent discretionary authority to fashion her own rules of procedure in discharging her "multitudinous duties."   *Singh v. Napolitano*, 710 F.Supp. 2d 123, 130 (D.D.C. 2010).

Additionally, Congress has specifically withheld jurisdiction from courts under 8 U.S.C. §1252(a)(2)(B)(ii) in conjunction with § 1182(d)(3)(B)(i) to review the process by which the Secretary exercises her discretionary authority to exempt organizations and individuals from grounds of inadmissibility.

8 U.S.C. § 1252(a)(2)(B) provides:

> (B) Denials of discretionary relief
>
> Notwithstanding any other provision of law (statutory or nonstatutory), ... and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review--
>
> (i)  any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title, or
>
> (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to

6

> be in the discretion of the Attorney General or the Secretary of Homeland
> Security, other than the granting of relief under section 1158(a) of this title.

8 U.S.C. § 1182(d)(3)(B)(i) provides:

> The Secretary of State, after consultation with the Attorney General and the
> Secretary of Homeland Security, or the Secretary of Homeland Security, after
> consultation with the Secretary of State and the Attorney General, may determine
> in such Secretary's sole unreviewable discretion that subsection (a)(3)(B) of this
> section shall not apply with respect to an alien within the scope of that subsection or
> that subsection (a)(3)(B)(vi)(III) of this section shall not apply to a group within the
> scope of that subsection, ... Notwithstanding any other provision of law (statutory
> or nonstatutory), ... no court shall have jurisdiction to review such a determination
> or revocation except in a proceeding for review of a final order of removal pursuant
> to section 1252 of this title, and review shall be limited to the extent provided in
> section 1252(a)(2)(D) of this title.

Because specific statutes bar jurisdiction, Mr. Alghadbawi may not rely on 5 U.S.C.

§§ 701(a), 706(a) (the Administrative Procedure Act ("APA")) and 28 U.S.C. § 1361 (the

Mandamus Act),[3] which are only general jurisdictional provisions to overcome the stated

specific withholdings of jurisdiction and do not apply by their own terms when the delayed

decision is purely discretionary. *See Califano v. Sanders*, 430 U.S. 99, 107 (1977) (holding

APA does not afford an implied grant of subject matter jurisdiction permitting federal judicial

review of agency action).

Mr. Alghadbawi argues that the 1991 Basra uprising against Saddam Hussein's army

was supported by the United Nations coalition forces and that it is illogical for his acts to be

considered terrorist activities when the United States recognized the opposition to Saddam

Hussein as legitimate.   He believes he is being subjected to a double standard because others

---

[3] In opposition, Mr. Alghadbawi merely reasserts that the APA grants this court subject matter jurisdiction because the
APA "provides that courts have authority to 'compel agency action unlawfully withheld or unreasonably delayed'"
(Dkt. 20, p. 4).   Plaintiff does not dispute that 8 U.S.C. § 1252(g) prohibits judicial review of the Secretary's decisions
relating to adjudication. He also fails to dispute that Section 1252(g) trumps the general jurisdictional authority
contained in the APA and the Mandamus Act.

who carried weapons against Saddam's army are now citizens of the United States.  Mr. Alghadbawi may be correct. Unfortunately for Plaintiff, this Court simply does not have subject matter jurisdiction to review the Secretary's determination that participants in the Basra uprising meet the definition of a Tier III undesignated terrorist organization as defined in the INA.   Mr. Alghadbawi "can have [his] application[ ] for lawful resident status adjudicated when and if removal proceedings are instituted against [him] by the Immigration Court. Before such proceedings are initiated, however, this matter falls squarely within those discretionary actions excluded from judicial review under section 1252(g)." *Chipinski v. Ziglar*, 278 F.3d 718, 721 (7th Cir. 2002). *See, e.g., Abdu v. Holder*, 345 Fed.Appx. 295 (9th Cir. 2009) (reviewing Board of Immigration Appeals' determination that the Oromo Liberation Front is a terrorist organization as defined in 8 U.S.C. § 1182(a)(3)(B)(vi)(III)); *Khan v. Holder*  584 F.3d 773, 788 (9th Cir. 2009); *Hussain v. Mukasey*, 518 F.3d 534, 535 (7th Cir. 2008).

### III.  <u>CONCLUSION</u>

"'A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case.'" *Home Builders Ass'n of Miss., Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund,* 81 F.3d 1182, 1187 (2d Cir. 1996)).   That is the disposition required in this action. Judgment consistent with this Entry shall now issue. The Motion to Dismiss (Dkt. 13) is **GRANTED** and this action is dismissed for lack of subject matter jurisdiction.

8

SO ORDERED.

Date: _09/19/2011_____

_Hon. Tanya Walton Pratt, Judge_
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Gisela A. Westwater
U.S. DEPARTMENT OF JUSTICE
gisela.westwater@usdoj.gov

Jamil Alghadbawi
3722 Montauk Court
Indianapolis, Indiana   46214

9